Opinion by
Mr. Justice Kelley.
The City of Englewood filed a petition to condemn a half-acre parcel of ground for park purposes. A trial to a jury resulted in an award of $6,500. The owners of the property, Mr. and Mrs. Bevier, being dissatisfied with the award, are here seeking a reversal.
The Beviers assign five errors, three of which challenge the sufficiency of the evidence to support the award. One alleges that the court erred in striking testimony relating to the cost of repairing the improvements, and the other asserts that the verdict, being grossly inadequate, showed “prejudice on the part of the jury against the plantiffs.”
The valuation testimony ranged from $6,000 to $18,000. The witnesses, who valued it at $18,000, based their opinion on assumptions rather than facts. They talked of its “potential value” as the core of a seven-acre assemblage, rather than the poorest part of the aggregate tract. These same witnesses testified that the highest and best use of the tract was for a rest home.
These witnesses testified that it was “worth $18,000, providing, number one, you could aggregate or collect this property together with some other property.” It was also admitted that the property had poor topography, resulting in a bad drainage situation, which would require substantial filling and grading; that it had no street frontage, which would require dedication of some of the tract to the City for street purposes; that there were no utilities immediately available, necessitating the acquisition of an easement; and that it was not zoned for a rest home. In fact, the owners and others had previously objected to a zoning change which would have permitted such use. Mr. Bevier admitted he had not attempted to put together an assemblage in the area.
On the other hand, the City’s witnesses, whose expertise was admitted, placed the value at $6,000 by the use *193 of comparable sales. In the opinion of one appraiser, its highest and best use would be for the construction of duplexes for which it was presently zoned. The other appraiser testified that its highest and best use would be for light industrial purposes, for which the ground immediately to the west was zoned.
The City’s evidence appealed to the jury. It was competent and substantial. It supported the verdict of the jury. See Board of Directors v. Calvaresi, 156 Colo. 173, 179, 397 P.2d 877. The mere fact that the jury adopted the valuation opinions of the City’s witnesses rather than those of the owners does not denote prejudice on the part of the jury against the Beviers.
The other assignment of error questions the correctness of the court’s ruling in striking the testimony of a Mr. Kornegay with reference to the cost of putting the house in a livable state of repair. The court permitted the witness to testify, over the objection of the City, as to what it would cost to repair the badly dilapidated house, so that it could be rented. There was no testimony to indicate how this would affect the value for its highest and best use as a nursing home. The court subsequently granted the City’s motion to strike. We perceive no error in this ruling.
The judgment is affirmed.
Mr. Justice Day, Mr. Justice Hodges, and Mr. Justice Groves concur.